911 So.2d 917 (2005)
STATE of Louisiana, Appellee
v.
Marcus MARTIN, Appellant.
No. 40,150-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
*918 Jones and Charles by E. Roland Charles, for Appellant.
Jerry L. Jones, District Attorney, Charles L. Brumfield, Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and LOLLEY, JJ.
STEWART, J.
The defendant, Marcus Martin, pled guilty as charged to illegal possession of a stolen firearm, a violation of La. R.S. 14:69.1. He received the maximum sentence of 5 years at hard labor and was given credit for time served. Arguing that the maximum sentence was not warranted by the circumstances and that it was improperly based on unproven facts, he appeals his sentence as excessive. We find no merit in the defendant's arguments and affirm his sentence.

FACTS
The record shows that the home of Travis Holley was burglarized sometime prior to January 4, 2004, during which a number of firearms and other items were stolen. *919 A tip led police to the burglars, one of whom was James Jones. After waiving his rights, Jones admitted to the burglary and said that he swapped the stolen guns for drugs and money at a house on Van Avenue in Bastrop. The defendant lived at the Bastrop address with his girlfriend, Kewanna Moore. A search of defendant's residence turned up a .40 caliber HK pistol hidden under the mattress in the master bedroom. The pistol was identified as one taken during the burglary; it was valued at $700 to $800. In a statement to the police given after waiving his Miranda rights, the defendant admitted that he bought the pistol from Jones for $30 and that Jones told him the firearm was stolen. The defendant denied buying any other firearms.
Martin was initially charged with illegal possession of stolen things, but the bill was amended to reflect the upgraded charge of illegal possession of a stolen firearm to which the defendant pled guilty on August 23, 2004. Though the record on appeal does not include the guilty plea transcript and no issue pertaining to the plea was raised on appeal, the minutes reflect that the defendant was Boykinized, that he understood and waived his rights, and that he knowingly and voluntarily entered the guilty plea. The trial court ordered a pre-sentence investigation ("PSI") report, which the court reviewed prior to sentencing. On February 10, 2005, the trial court sentenced the defendant to five years at hard labor with credit for time served.
Defense counsel made an oral motion for reconsideration of sentence immediately following imposition of the sentence. Counsel argued that the trial court improperly considered the burglary and its victim and improperly described the defendant's criminal history in imposing the sentence. The motion was denied. This appeal followed.

DISCUSSION
Appealing his sentence as excessive, the defendant argues that the trial court improperly held him responsible for all the firearms stolen even though only one firearm was found at his residence. He claims the trial court relied on rumors that the other firearms were taken to a place where the defendant formerly lived to hold him responsible for not divulging the whereabouts of the other firearms. Defendant asserts that the trial court relied on unfounded facts to depart from the sentencing guidelines and to impose a sentence that is excessive under the circumstances of this case.
As an initial matter, we note that the defendant cites in his brief Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) in arguing that the trial court relied on unproven facts as a basis for the sentence and improperly departed from sentencing guidelines. The defendant's reliance on Blakely and Apprendi is misplaced, as both cases address sentences imposed beyond the statutory maximum prescribed for the particular crimes on the basis of facts not submitted to a jury for consideration. Here, the penalty for the first offense of illegal possession of stolen firearms is "imprisonment, with or without hard labor, for not less than one year nor more than five years." La. R.S. 14:69.1(B)(1). As a first offender, the defendant received the maximum sentence. He was not sentenced in excess of that prescribed by statute. Moreover, the defendant's reliance on sentencing guidelines cited in his brief is also misplaced. The Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942, § 3, effective August 15, 1995, and La. C. Cr. P. art. 894.1 was amended *920 and reenacted by Act 942 to provide the sentencing guidelines now in effect. State v. Lennon, 95-0402 (La.App. 4th Cir.9/15/95), 661 So.2d 1047, writ denied, 95-3004 (La.3/22/96), 669 So.2d 1222, certiorari denied, Lennon v. Louisiana, 519 U.S. 855, 117 S.Ct. 152, 136 L.Ed.2d 97 (1996).
Our state constitution prohibits excessive punishment. La. Const. Art. I, § 20 (1974). A two-step process is used to determine whether a sentence is excessive. First, the record must show adequate consideration of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for the sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Hampton, 38,017 (La. App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452.
The second inquiry in reviewing an excessive sentence claim requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, employment record), his prior criminal conduct, the seriousness of the offense, and the likelihood of rehabilitation. State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864. However, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385. And a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993).
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939. The relevant question in reviewing a sentence is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Humphrey, 445 So.2d 1155 (La.1984).
At the sentencing hearing, the trial court reviewed the PSI report and discussed several factors relevant to the case. In reviewing the defendant's personal history, the court noted that he had completed ninth grade, that he had three children who lived with their mothers, and that he had worked for various farmers in the area where he lived. The defendant had also lived with his aunt in Milwaukee, Wisconsin for three years where he worked cleaning exhausts. The trial court noted that the defendant claimed to smoke up to a $10 bag of marijuana a day.
The court also considered the defendant's history of prior delinquency and criminal activity as an adult, including a conviction for simple criminal damage to *921 property and five arrests for simple battery, which resulted in either a fine or dismissal of the charge. Additionally, after bonding out of jail on the current charge, the defendant incurred one of the battery charges by beating up his girlfriend with whom he lived.
The trial court also reviewed the circumstances of the crime to which the defendant pled guilty, including Jones' statement that some of the firearms were swapped for drugs and money at the defendant's house. Additionally, the trial court considered the victim's statement regarding the emotional and economic loss suffered by his family. We note that the defendant was not involved in the burglary, but his knowing purchase of the stolen firearm indicates disdain for the rule of law and total disregard for the harm done to others by crime.
Our review of the record shows that the trial court extensively responded to each provision of La. C. Cr. P. art. 894.1. The trial court found that the defendant's criminal conduct caused serious harm by facilitating the commission of the burglary. The court rightly explained that the purchase of stolen items creates a market for such items and thereby encourages people to commit burglaries. The court further found that the defendant did not act under strong provocation, that the victim did not induce or facilitate the crime, and that the defendant could not compensate the victim for the economic and emotional loss suffered by himself and his family.
The defendant argues that the trial court improperly held him responsible for all the stolen weapons. However, we find that the trial court's reference to Jones's statement, rumors reported by the victim that the guns may have taken to Milwaukee where the defendant formerly resided, and the defendant not being able to make restitution simply reflect the circumstances of the case and the fact that the defendant did not commit a victimless crime. Rather, the defendant's purposeful purchase of a stolen firearm provided a ready market for the stolen pistol and thus further harmed the victim by keeping his stolen firearm from him and by rewarding those who broke into his home. Furthermore, the record gives no indication that the defendant showed any remorse for his crime.
The court found the defendant to have a "serious growing criminal attitude" and a "total defiant attitude to the law." The court concluded that the defendant would not be likely to respond to probation and treatment, that he would be likely to commit another crime during a period of suspended sentence or probation, that he was in need of correctional treatment in a custodial environment, and that a lesser sentence would deprecate the seriousness of the crime.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Robinson, 36,147 (La.App. 2d Cir.12/11/02), 833 So.2d 1207; State v. Adger, 35,111 (La.App. 2d Cir.9/26/01), 797 So.2d 146. However, our review of the sentencing transcript shows that the trial court gave thorough consideration to the provisions of La. C. Cr. P. art. 894.1, the circumstances of the case, and the background of the defendant in tailoring the sentence imposed. Though the defendant is a first time felony offender and this is his first offense on the charged crime, the sentence is supported by the thorough reasons set forth by the trial court. As noted, appellate review is to determine whether the trial court abused its broad discretion, not to determine whether another sentence might have been more appropriate. Although *922 the maximum sentence was imposed, the sentence is not constitutionally excessive, is not grossly disproportionate to the severity of the offense, and does not shock the sense of justice. Accordingly, we find no merit in the defendant's assignment of error.

CONCLUSION
Finding no abuse of discretion by the trial court, we affirm the defendant's conviction and sentence.
AFFIRMED.