NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-361

STATE OF LOUISIANA

VERSUS

EZIKEL RUBEN, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 93882
HONORABLE TONY A. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

AFFIRMED.

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 82389
Lafayette, LA 70598-2389
(337) 991-9757
COUNSEL FOR DEFENDANT-APPELLANT:
    Ezikel Ruben, Jr.

**Terry W. Lambright**
**District Attorney, Thirtieth Judicial District**
**William R. Thornton**
**Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PICKETT, Judge.**

## FACTS

The facts of the case were presented by the state during the defendant's plea entry proceeding. Both the state and defense counsel accepted the factual recitation as follows:

> Yes, sir, Judge, under Docket Number 93,882, the State would contend that on or about January the 4th, 2019 that this defendant committed the offense of illegal possession of stolen firearms in that he did intentionally possess, procure, receive, or conceal firearms which had been the subject of a misappropriation or theft.
>
> Also, in Count Number 2 of that Bill of Information, the State would contend the same thing, that on, or about that same date, the defendant committed the offense of illegal possession of stolen firearms in that he did intentionally possess, procure, receive, or conceal firearms which had been the subject of a misappropriation or theft. A burglary had occurred, Judge, out at the E-Z Pawn Shop, uh, back on that date. A warrant was issued by the A.T.F. and Vernon Parish Sheriff's Office, uh, at 1250 Maple Street here in Leesville, Louisiana. While executing the search warrant, officers came into contact with the defendant, who identified himself as Ezikel Ruben, Jr., uh, who resided in that – the residence, I believe with his wife. While executing the search warrant, several firearms were located in the bedroom belonging to Ruben. The firearms were located, they were identified as firearms that were stolen from the E-Z Pawn Shop. Uh, this defendant indicated that he was holding the firearms for someone but he didn't know their names.
>
> Uh, in Bill of Information 95,378, the State would contend that on or about February the 10th, 2020 that this defendant did intentionally and knowingly possess a controlled dangerous substance classified as Schedule II, to wit, cocaine. Uh, back on that date, Agent Black was doing criminal patrol, stopped a vehicle in which this defendant was a passenger. And due to the nervousness of the driver, this officer asked whether or not he could search the vehicle, which he was given permission. Uh, as he searched the vehicle, he located a pack of Kool cigarettes on the passenger seat, asked the passenger - - who was this defendant - - if they were his. He indicated that they were. Inside the pack of cigarettes was a short straw and a plastic bag containing a white powder, which was subsequently submitted to the Crime Lab, that tested positive as cocaine, Judge. All of this occurred in Vernon Parish, State of Louisiana.

On June 3, 2020, the defendant, Ezikel Ruben, Jr., was charged by bill of information with two counts of illegal possession of stolen firearms, in violation of

La.R.S. 14:69.1, and possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1 under district court docket number 93882. Under docket number 95378, Defendant was charged with possession of cocaine, in violation of La.R.S. 40:967(C), and possession of cocaine with intent to distribute, in violation of La.R.S. 40:967(A). Under docket number 95635, Defendant was charged with possession of drug paraphernalia, in violation of La.R.S. 40:1023(C).

On December 8, 2020, the defendant entered into a plea agreement in which count three of docket number 93882 was dismissed in exchange for a guilty plea to counts one and two. As part of this plea agreement, the defendant also entered a guilty plea to one count of possession of cocaine in docket number 95378. All other remaining charges were dismissed by the state.

On February 4, 2021, the trial court sentenced the defendant to serve four years at hard labor on each count of illegal possession of stolen firearms in docket number 93882, and four years at hard labor for possession of cocaine in docket number 95378. The court ordered that the two sentences for illegal possession of stolen firearms be served concurrently with each other, but consecutively to his sentence for possession of cocaine.

On February 5, 2021, the defendant filed a motion to reconsider the sentences, but the trial court denied this motion on February 9, 2021, without a hearing. On February 12, 2021, the defendant filed a timely motion for appeal, which the trial court granted on February 25, 2021. The defendant is now before this court asserting one assignment of error regarding his sentences for possession of stolen firearms.

## ASSIGNMENT OF ERROR

The concurrent four-year sentences imposed for possession of stolen firearms are excessive in this case. The trial court failed to sufficiently individualize the sentences to this offender and offense and

2

constitutionally excessive sentences have been imposed, particularly considering these sentences will be served consecutively to the four-year sentence imposed for possession a small amount of cocaine.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by his court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## DISCUSSION

In the defendant's sole assignment of error, he asserts that "[n]ear maximum concurrent sentences of four years to be served consecutively to a four-year sentence for possession of a small amount of cocaine is excessive in this case." The defendant asserts that the trial court failed to sufficiently consider the facts of the case as well as mitigating factors, including the defendant's work history and ability to support his children. The defendant contends he has worked in construction and has the ability and desire to support his children and be a father to them.

Additionally, the defendant claims the trial court signed a plea agreement in which "[t]he part of the agreement for concurrent sentences was overlooked and considered to be a recommendation during Boykinization . . . and [e]xcessive sentences have resulted." Finally, the defendant takes issue with the trial court's statement during sentencing. "In reviewing factors for sentencing, the court indicated there was economic harm to the victim as several firearms were stolen, and '[t]here is always significant economic harm or impact on society in general in the use of distribution of illegal drugs.'" The defendant asserts this statement "reflects the court's personal feelings on the impact of distribution of drugs and

does not demonstrate compliance with [La.Code Crim.P. art.] 894.1's purpose to insure that the sentence is individualized to the defendant and offense."

The state filed a brief asserting the trial court properly considered aggravating and mitigating factors in the defendant's case, and the court did not abuse its discretion in sentencing the defendant. The state submits that the defendant's concurrent sentences of four years for possession of stolen firearms are not excessive. As to his claim that the trial court erred by issuing personal opinions about drug distribution and drug use, the state notes that this claim was not included in the defendant's motion to reconsider sentence and thus, is not properly before this court. As to the defendant's claims about the plea agreement, the state also notes that these claims were not included in the motion to reconsider sentence and should be denied.

In assessing the defendant's claims, we will first look to the defendant's motion to reconsider sentence. In this motion, the defendant asserted the following:

> [Defendant] pled guilty to two (2) counts of Illegal Possession of a Firearm and one (1) count of Possession of Schedule II CDS. Appellant was sentenced on February 4, 2021, to four (4) years for each count. Two (2) counts are to run consecutive with each other and the other count is to run concurrent with all charges. This shall be a total of eight (8) years.

> The sentence imposed is excessive as applied to this defendant, in violation of Louisiana Constitution Article 1, Section 20, because the sentence imposed is grossly disproportionate to the seriousness of the offense, makes no measurable contribution to acceptable goals of punishment, and is nothing more that [sic] the purposeless imposition of pain and suffering.

> . . . .

> The sentence imposed, although within the statutory limits, is a manifest abuse of discretion.

> . . . .

> The trial court failed to adequately consider applicable mitigating circumstances in determining the appropriate sentence to be imposed.

4

The defendant incorrectly described the sentence, as he was sentenced to four years on each count of possession of a stolen firearm to run concurrently with each other but consecutively to his four years for possession of cocaine. Additionally, the defendant raises several claims in his brief which were not included in the motion to reconsider sentence, such as: his sentence is excessive as it was ordered to run consecutively to the cocaine conviction; the alleged issues with the plea agreement; and the statements made by the judge during sentencing which do not comply with La.Code Crim.P. art. 894.1.

In *State v. Abshire*, 18-717, p. 4 (La.App. 3 Cir. 3/13/19), 269 So.3d 1020, 1024, this court held:

> Under La.Code Crim.P. art. 881.1(E), the failure to make or timely file a motion to reconsider sentence or to include a specific ground for reconsideration precludes a defendant from raising an objection to the sentence or urging any ground not raised in the motion on appeal. *See State v. Barling,* 00-1241, 01-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. In *State v. Mims*, 619 So.2d 1059, 1059-60 (La. 1993), the supreme court explained:
>
> > If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.
>
> > Given Defendant's failure to raise, in either his motion to reconsider or in the proffer he offered at the hearing on that motion, the issue of whether the trial court made improper and unsubstantiated assumptions in fashioning Defendant's sentence, we conclude that Defendant is barred from making those arguments on appeal. Nevertheless, we will consider Defendant's claim that his ten-year sentence is excessive in our discussion of his first assigned error.

5

Based on the above case law, the defendant is relegated to having this court consider a bare claim of excessiveness. Therefore, the other claims which were not raised in his motion to reconsider sentence need not be considered by this court. Regarding appellate review of an excessive sentence claim, the general analysis is well-settled:

> Both the United States and Louisiana constitutions guarantee that no person shall be subject to cruel and unusual punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. A sentence is excessive when a reviewing court finds that the penalty is "so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. The trial court has broad sentencing discretion, and a sentence within statutory limits will not be set aside absent a manifest abuse of that discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La.6/30/00), 765 So.2d 1067. However, sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979).
>
> In reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:
>
>> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-772, pp. 3-4 (La.App. 3 Cir. 2/12/14), 153 So.3d 1008, 1011, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

6

The only relevant question to consider on review is not whether another sentence would be more appropriate but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 674 So.2d 957, 959.

The defendant's sentence is not problematic per the three-prong test outlined in *State v. Lisotta*, 98-648, p. 2 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58.

The first prong of the *Lisotta* analysis requires consideration of the nature of the offense. The sentencing range for illegal possession of stolen firearms under La.R.S. 14:69.1, requires, for a first offense, imprisonment, with or without hard labor, not less than one year nor more than five years. During the sentencing hearing, the trial court found that the victim in this case suffered economic harm because several firearms were stolen.

The second prong of the *Lisotta* analysis requires an examination of the nature of the offender. The record indicates that the trial court reviewed the sentencing guidelines and the presentence investigation report (PSI) and found the following information: the defendant was forty-three years of age and has three children "with another on the way." The defendant is in good health; he attended Leesville High School through tenth grade; he enrolled in Gary Jobs Corps in San Marcos, Texas and obtained his G.E.D. in 1996; has a history of alcohol or drug abuse; has received drug or alcohol treatment in the past. The defendant is not eligible for probation as this was his third felony. The court determined that there was undue risk the defendant will commit another crime. The trial court then read into the record the defendant's prior crimes which included: in 1999, the defendant was charged with possession with intent to distribute or manufacture marijuana and contributing to the delinquency of a juvenile, but he eventually pled guilty to misdemeanors. In 2002, the defendant was convicted of possession with intent to distribute cocaine and was sentenced to six years, suspended with five years'

7

probation. In 2003, the defendant was convicted on distribution of cocaine, and was sentenced to nine years in prison, but was released early on good time. "[A]s part of that, in 2003, there was battery of a police officer . . . resisting . . . [w]hen he got out on good time, he had to serve . . . time on the misdemeanor. He was released early, and he did not pay the fees on that." The trial court noted that the defendant is a third felony offender. "Clearly, Mr. Ruben cannot be habilitated [sic]. He's been committing the same types of crimes. In 2002 and '03, he was involved with cocaine. And 2003, that included an aggravated battery with a dangerous weapon. He was given six years probated sentence and that was revoked because he committed another charge dealing with cocaine." "[B]ased on the charges and your . . . prior criminal history, I do not have any hope of safety for the citizens of Vernon Parish if you're on the street." The record shows the trial court considered the defendant's nature and criminal history and also considered the defendant's personal statement made for the presentence investigation report. The record indicates that the trial judge was made aware of potentially mitigating factors concerning the defendant through his personal statement, but in light of his criminal history, ordered the defendant to serve four years each, to run concurrently, for the two firearms charges.

Sentences imposed for similar crimes are analyzed under the third prong of *Lisotta*. A review of comparative cases reveals that similar sentences have been imposed for similar cases and offenders.

In *State v. Martin*, 40,150 (La.App. 2 Cir. 9/21/05), 911 So.2d 917, the second circuit affirmed a maximum sentence of five years for illegal possession of a stolen firearm. In this case, the second circuit noted that "the trial court reviewed the PSI report and discussed several factors relevant to the case." *Id*. at 920. The trial court considered the defendant's age, his education, that he had three children,

and had worked with local farmers. The court also considered the defendant's criminal history and found him to be a first-time felony offender. However, the criminal history included a conviction for simple battery and five arrests for misdemeanor battery which were dismissed or resulted in fines. The court also found that the defendant would not be likely to respond to probation and treatment, that he would be likely to commit another crime during a period of suspended sentence or probation, that he was in need of correctional treatment in a custodial environment, and that a lesser sentence would deprecate the seriousness of the crime. *Id*.

In *State v. Johnson*, 09-862 (La.App. 3 Cir. 2/3/10), 28 So.3d 1263, this court reviewed a maximum sentence of five years imposed for illegal possession of stolen firearms and affirmed the sentence. This court concluded that even though the trial court relied heavily on the defendant's criminal history, the defendant's maximum sentence was not out of line with prior jurisprudence. *Id*.

In *State v. Webb*, 14-149 (La.App. 3 Cir. 10/1/14), 149 So.3d 310, *writ denied*, 14-2319 (La. 9/11/15), 176 So.3d 1036, this court affirmed two five-year maximum sentences for illegal possession of stolen firearms, to run consecutively, along with an enhanced sentence on another charge.

The defendant's sentence of four years for each count of illegal possession of stolen firearms, to run concurrently, is less than the maximum term of incarceration, and the maximum sentence has consistently been upheld for other defendants in similar circumstances. In this case, the trial court was troubled by the defendant's lengthy criminal history and imposed the four-year concurrent sentences. The record indicates the trial court was aware of all sentencing factors present in the instant case, and the record supports the sentences imposed. The

defendant's sentences are not unconstitutionally excessive and that the trial court did not abuse its discretion.

This court has held the consecutive nature of the sentences will be included in a bare claim of excessiveness analysis. *State v. Fowler*, 12-1380 (La.App. 3 Cir. 6/5/13), 114 So.3d 650. However, the issue will be further addressed in docket number 21-362, the appeal of the defendant's consecutive four-year sentence for possession of cocaine.

## CONCLUSION

In conclusion, we do not find that the trial court imposed excessive sentences when it fashioned his four-year concurrent sentences for illegal possession of stolen firearms. As such, we find that the defendant's assignment of error is without merit. We affirm the defendant's convictions and sentences.

**AFFIRMED.**