STEWART, J.
 

 liThe defendant, Montraygo .Latron Drake, appeals his conviction for the offenses of possession of a Schedule I drug with intent to distribute, possession of a firearm by a convicted felon, and illegal possession of a stolen firearm. He argues insufficiency of the evidence and ineffective assistance of counsel. Finding insufficient evidence to support the conviction for illegal possession of a stolen firearm, we reverse that conviction and set aside the five-year sentence. Otherwise, we affirm the conviction on the other two offenses and find that the ineffective assistance claim may be asserted in post-conviction relief proceedings.
 

 FACTS
 

 On June 19, 2008, Officers Jeremy Kent and Brandon Waggoner of the Monroe Police Department responded to a 911 call regarding a fight at 4105 Owl Street. Upon arrival at the residence, they encountered Shantez Conway, who was standing in the carport area and who said that a man and woman were fighting inside. They could hear shouting and what sounded like items being thrown or broken. When no one answered the door in response to knocking, Officer Kent banged on the door until it was opened by the defendant, who was shirtless and appeared. agitated. The defendant told the officers that he had called 911, but that assistance was no longer needed. However, the officers could see a woman inside sitting bent over and apparently crying. They asked the defendant to step outside, which he did but began shouting that the police were not allowed in his house. Officer Kent entered the house to check on the woman, while Officer Waggoner remained outside with the defendant.
 

 |?The woman, Tiaunna Nave, seemed .shaken and had bruises and scratches around her neck, shoulder, and arms.
 
 [1]
 
 Her tank top t-shirt appeared stretched and her hair was disheveled. While inside the house Officer Kent detected a chemical odor that he immediately associated with Phencyclidine (“PCP”).
 

 After directing Nave outside for questioning, Officers Kent and Waggoner conducted a “protective sweep” of the residence. Officer Waggoner also detected the scent of PCP upon entering the residence. While conducting the sweep, they noticed in plain view a brown bottle in one bedroom, and a rifle with a cut off stock and a pistol in another bedroom. They unloaded and secured the guns for officer safety and then exited the residence. It was later discovered that the pistol had been reported stolen to the Ouachita Parish Sheriffs Office. The police also learned that Drake had a prior felony conviction for simple robbery, which would prohibit him from legally possessing a firearm.
 

 The police then obtained a search warrant for the residence. The search of the home produced two brown bottles, one
 
 *586
 
 containing POP and the other containing some POP residue; a bag containing 1.4 grams of marijuana; and a pack of More cigarettes. Officer Kent also noticed empty More cigarette packs on the floor. He explained that More cigarettes are dipped in POP and then sold for about $10 per cigarette. He further explained that because tobacco products attract rats, there is a police | ¡¡department policy prohibiting the seizure of tobacco products. Also seized from the defendant was $240 in cash, mostly in denominations of $5, $10, and $20, along with a driver’s license issued on June 6, 2008, which was 13 days before the arrest. The driver’s license had 4105 Owl Street as the defendant’s home address.
 

 By bill of information, the defendant was charged with possession of PCP (a Schedule I drug) with intent to distribute in violation of La. R.S. 40:966(A)(1), Count One; possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1, Count Two; illegal possession of a stolen firearm in violation of La. R.S. 14:69.1, Count Three; possession of marijuana in violation of La. R.S. 40:966, Count Four; and domestic abuse battery in violation of La. R.S. 14:35.3, Count Five. The misdemeanor charges were severed prior to the jury trial on Counts One, Two, and Three. On May 6, 2009, the jury returned a verdict of guilty as charged on all three counts.
 

 On May 13, 2009, the state filed a bill charging the defendant as an habitual offender based on a prior conviction on December 20, 1999, for illegal possession of stolen things, and a prior conviction on August 20, 2000, for simple robbery. At the habitual offender hearing on July 30, 2009, the defendant pursuant to a plea agreement admitted being a third felony offender as to Count One with an agreed upon sentence of 20 years’ hard labor. The agreement also provided for sentences of 15 years on Count Two and five years on Count Three. All three sentences would be served concurrently. The state dismissed the possession of marijuana and domestic [4abuse battery charges. Because of the agreed sentences, the defendant waived his right to appeal the sentences, but he did not waive his right to appeal trial errors. After hearing various
 
 pro se
 
 motions by the defendant, the trial court granted the motion to preserve evidence but denied all the others. The sentence was then imposed by the trial judge in conformity with the agreement. The defendant now appeals. Though separate briefs have been filed by appellate counsel and by the defendant, both raise the same basic issues for review and will be addressed together in this opinion.
 

 DISCUSSION
 

 Sufficiency of the Evidence
 

 The defendant’s first assignment of error is that the evidence was insufficient to support the guilty verdict. He argues that the state did not prove that he had possession of the items seized from the residence or that he resided at 4105 Owl Street.
 

 On a sufficiency of the evidence appeal, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Carter,
 
 42,894 (La.App.2d Cir.1/9/08), 974 So.2d 181,
 
 writ denied
 
 2008-0499 (La.11/14/08), 996 So.2d 1086. This standard, which is embodied in La. C. Cr. P. art. 821, does not allow the reviewing court to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 2005-0477 (La.2/22/06),
 
 *587
 
 922 So.2d 517;
 
 State v. Dotie,
 
 48,819 (La.App.2d Cir.1/14/09), 1 So.3d 883,
 
 writ denied,
 
 2009-0310 (La. 11/6/09), 21 So.3d 297. We do not assess the credibility of the witnesses or reweigh the evidence.
 
 State v. Smith,
 
 94-3116 (La.10/16/95), 661 So.2d 442. Rather, we give great deference to the jury’s decision to accept or reject the testimony of a witness in whole or in part.
 
 State v. Eason,
 
 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685,
 
 writ denied,
 
 2009-0725 (La.12/11/09), 23 So.3d 913. Where the offense is proved by circumstantial evidence, the evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. Ultimately, all the evidence, direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt.
 
 State v. Ortiz,
 
 96-1609 (La.10/21/97), 701 So.2d 922,
 
 cert. denied,
 
 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998).
 

 The defendant was convicted of a violation of La. R.S. 40:966(A)(1), which makes it unlawful for any person to knowingly or intentionally “produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule I.” PCP is a Schedule I drug. La. R.S. 40:964.
 

 At issue is whether the evidence was sufficient to prove beyond a reasonable doubt that the defendant possessed and had the intent to distribute the PCP seized from 4105 Owl Street. Possession means actual or constructive possession; thus, the state does not need to prove that the defendant had physical possession of the drugs.
 
 State v. Manning,
 
 38,083 (La.App.2d Cir.03/12/04), 868 So.2d 283. Because the PCP was not |,-found on the defendant’s person, constructive possession must be shown. Constructive possession may be found where the person had dominion and control over the drugs.
 
 State v. Jenkins,
 
 41,281 (La.App.2d Cir.1/24/07), 949 So.2d 563,
 
 writ denied,
 
 2007-0699 (La.11/2/07), 966 So.2d 600.
 

 Guilty knowledge is essential to the crime of unlawful possession of an illegal drug, and a defendant’s guilty knowledge must be inferred from the known facts considered according to reason and common experience.
 
 State v. Jenkins, supra; State v. Manning, supra.
 
 Factors that may be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that the drugs were in the area, his relations with the person found in actual possession of the drugs, his access to the area where the drugs were found, evidence of recent drug use by the defendant, the presence of drug paraphernalia, and evidence that the area was frequented by drug users.
 
 State v. Jenkins, supra; State v. Douglas,
 
 30,393 (La.App.2d Cir.2/25/98), 707 So.2d 512.
 

 Thus, the intent to distribute illegal drugs may be established by proving circumstances surrounding the defendant’s possession which give rise to reasonable inferences of the intent to distribute.
 
 State v. Holden,
 
 45,038 (La.App.2d Cir.1/27/10), 30 So.3d 1053,
 
 citing State v. Brown,
 
 43,-458 (La.App.2d Cir.9/24/08), 996 So.2d 461,
 
 writ denied,
 
 2008-2713 (La.9/18/09), 17 So.3d 388.
 

 It is undisputed that PCP was found during the search of 4105 Owl Street. Officers Kent and Waggoner detected a scent they associated with |7PCP almost immediately upon entering the residence. Both drugs and drug paraphernalia were found in different areas of the home. Two brown bottles, one containing PCP and one containing residue, were found in a bed
 
 *588
 
 room and in a recliner in the living room. Packages of More cigarettes were also found in these areas. Both Kent and Waggoner testified that More cigarettes are commonly dipped into PCP and then sold for $10 per cigarette. Kent testified that the bottle containing PCP had enough liquid to make at least 20 to 30 dipped cigarettes. Kent also seized $240 from the defendant in denominations of $5, $10, and $20, which Kent believed to be money from drug sales. During the investigation, it was discovered that Shantez Conway, the man standing outside the residence when the police arrived, had a prior conviction for drug possession.
 

 Tiaunna Nave, who has a child with the defendant, testified that neither she nor the defendant was living at 4105 Owl Street. She claimed that they were there only to pack up the belongings of the defendant’s grandfather, who leased the house and who had moved to a nursing home. Contrary to her testimony, Nave had listed 4105 Owl Street as her address when she filled out a form to drop the charges for domestic abuse battery against the defendant. The form also contained an alternate address. Nave testified that she was mistaken in putting 4105 Owl Street as her address and in referring to it as “our house.”
 

 Nave also testified that Shantez Conway was a friend of the defendant’s who was there to help with the packing. Even though she admitted that she and the defendant had argued, she claimed that the 911 |scall was made because the defendant had gotten into a fight with Conway. However, according to Officers Kent and Waggoner, Nave said that she and the defendant would fight because he would go into the back rooms of the house and in and out at all hours of the night and would not tell her what he was doing. Nave testified that the defendant did this because of issues with an old girlfriend and not because of drugs. Nave denied ownership of the drugs and guns found in the home.
 

 During the incident, the defendant told the officers that they were not allowed in his house. According to Officer Kent, Drake said the house was his three times before invoking his right to counsel. Notably, the driver’s license recovered from the defendant’s wallet had been renewed 13 days before the incident and listed 4105 Owl Street as the defendant’s address.
 

 Officer Waggoner testified that Nave told them that she and the defendant had been staying at the house for a couple of weeks and that they had been sleeping in the living room because someone had recently broken into the home. Waggoner denied that Nave said she and the defendant were there to remove Drake’s grandfather’s belongings. None of the officers observed the presence of boxes or other indications that items in the house were being packed for moving. Officer Emmitt Mapps, Jr., assisted Nave in filling out a notification form and testified that she never claimed to be at 4105 Owl Street just to pack and remove the defendant’s grandfather’s belongings.
 

 Viewing the evidence in the light most favorable to the prosecution, we find it sufficient to support the conviction for possession of a Schedule I Rdrug, PCP, with intent to distribute. The evidence proves beyond a reasonable doubt that the defendant exercised constructive possession over the drugs found in the home. The evidence established that the defendant had been staying at 4105 Owl Street and that he considered it his home as shown by it being listed as his address on his license. Thus, the jury could have reasonably concluded that he had access to all the areas of the house where the drugs and drug paraphernalia were found and that he ex
 
 *589
 
 ercised dominion and control over those items. The jury could have reasonably discredited Nave’s testimony and accepted that of the officers who conducted the investigation in response to the 911 call. The amount of PCP seized, the presence of multiple packages of More cigarettes in the home near the bottles of PCP, the money seized from the defendant, and the presence of a person previously convicted of drug possession on the carport when the police arrived are circumstances which give rise to the reasonable inference that the defendant had the intent to distribute PCP. For these reasons, we find no merit to the argument that the evidence was insufficient to support the conviction for possession of a Schedule I drug with intent to distribute.
 

 Next, we turn to the defendant’s argument that the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon and for illegal possession of a stolen firearm. Under La. R.S. 14:95.1(A), it is illegal for anyone who has been convicted of a felony to possess a firearm. To convict, the state must show the defendant’s possession of a firearm, his prior conviction for an enumerated felony, the | Tnabsence of the 10-year statutory limitation period of La. R.S. 14:95.1(0(1), and the general intent to commit the crime.
 
 State v. Ceaser,
 
 2009-236 (La.App. 3d Cir.11/4/09), 21 So.3d 1122,
 
 citing State v. Lee,
 
 02-0704 (La.App. 5th Cir.12/30/02), 836 So.2d 589,
 
 writ denied,
 
 03-535 (La.10/17/03), 855 So.2d 755.
 

 Constructive possession suffices to satisfy the possession element of the statute.
 
 Id.
 
 There is constructive possession even if a person’s dominion over a weapon is only temporary in nature and if his control is shared.
 
 Id.
 
 The offender must have been aware that the firearm was in his presence and he must have had the general criminal intent to possess the weapon.
 
 Id.
 
 General criminal intent exists whenever there is specific intent and when “circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.” La. R.S. 14:10(2).
 

 Though the weapons were not found in the defendant’s actual possession, they were found in plain view in the residence which he indicated as his address on his recently renewed driver’s license. Because the weapons were in plain view, it is obvious that the defendant would have been aware of their presence in his home and that he would have exercised dominion and control over the weapons. It is undisputed that the defendant had a prior felony conviction. Evidence established that he had finished serving parole for simple robbery on December 20, 2004. Thus, the 10-year statutory period during which possession of a firearm by a felon is | ^prohibited had not lapsed. Lastly, general criminal intent was shown based on the circumstances presented. The defendant possessed PCP in sufficient quantities for distribution. Two weapons were in the home. It is not unusual for a person dealing drugs to have weapons present. The evidence was sufficient to allow the jury to conclude that the elements of possession of a firearm by a convicted felon were proven beyond a reasonable doubt.
 

 Lastly, the defendant was convicted of illegal possession of a stolen firearm which is the intentional possessing, procuring, receiving or concealing of a firearm which has been the subject of a robbery or theft under circumstances indicating that the offender knew or should have known that the firearm was stolen. La. R.S. 14:69.1. Thus, the state must prove that the defendant intentionally possessed the firearm, that it was the subject of a rob
 
 *590
 
 bery or theft, and that the defendant knew or should have known that the firearm was the subject of a robbery or theft.
 
 State v. Johnson,
 
 2009-862 (La.App 3d Cir. 2/3/10), 28 So.3d 1263. As discussed above, the evidence was sufficient to prove possession of the firearms by the defendant. Additionally, the state proved that the pistol had been stolen from Karmensi-ta McGuire. The issue is whether the state proved that the defendant knew or should have the known the pistol was stolen.
 

 The supreme court has observed that the mere possession of stolen property does not create the presumption that the person possessing the property received it with knowledge that it was stolen.
 
 State v. Chester,
 
 97-1001 (La.12/19/97), 707 So.2d 973. The state must prove the defendant’s 112guilty knowledge, which may be inferred from the circumstances of the offense.
 
 Id., State v. Johnson, supra.
 

 Here, the circumstances are that the stolen pistol was found by officers on June 19, 2008, in the bedroom of a residence where the defendant had been staying. The pistol had been reported stolen from the home of Karmensita McGuire on May 30, 2008, to the Ouachita Parish Sheriffs Office. There is nothing linking the defendant to the taking of the firearm from McGuire’s home and nothing indicating how it came to be in the bedroom of 4105 Owl Street. On these limited facts, we cannot say that circumstances exist indicating that the defendant knew or should have known the gun was stolen. The mere constructive possession of the weapon under the circumstances of this matter are not sufficient for a rational trier of fact to have found the elements of the offense proven beyond a reasonable doubt. Therefore, the conviction for illegal possession of a stolen firearm is reversed and vacated and the sentence of five years at hard labor, which was to be served concurrently with the others, is set aside.
 

 Ineffective Assistance of Counsel
 

 The ineffective assistance of counsel claim is based on the failure of defense counsel to file a motion to suppress the evidence seized from 4105 Owl Street. The defendant argues that the motion to suppress should have been filed because there was no need for a protective sweep once the defendant and Nave were removed from the residence, the searched area was beyond the defendant’s immediate control, and the evidence seized was not in plain view. The defendant also complains that the trial counsel did 11snot object to the chain of custody of the evidence or to Officer Kent testifying as an expert on drug distribution.
 

 The state argues that the ineffective assistance claim is not ripe for review and that the record does not contain the information necessary to address whether the failure to file a motion to suppress was prejudicial. Alternatively, the state argues that the officers’ actions were justified, thus trial counsel was not ineffective in failing to file the motion to suppress.
 

 As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief, which allows for a full evidentiary hearing under La. C. Cr. P. art. 930.
 
 State ex rel. Bailey v. City of West Monroe,
 
 418 So.2d 570 (La.1982);
 
 State v. Ellis,
 
 42,520 (La.App.2d Cir.9/26/07), 966 So.2d 139,
 
 writ denied,
 
 07-2190 (La.4/4/08), 978 So.2d 325.
 

 To be considered ineffective, the performance by counsel must have been deficient, meaning that the counsel made errors so serious that he was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. The relevant inquiry is whether the repre
 
 *591
 
 sentation fell below the standard of reasonableness and competency required by the prevailing professional standards applicable to attorneys in criminal .cases.
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must identify specific acts or omissions by counsel, rather than general statements or conclusory charges, to support a claim of ineffective assistance.
 
 Id., State v. Jordan,
 
 35,648 (La.App.2d Cir.4/3/02), 813 So.2d 1123,
 
 writ denied,
 
 2002-1570 (La.5/30/03), 845 So.2d 1067. Counsel’s 114conduct must be evaluated from his perspective at the time of the occurrence, and the reviewing court must give great deference to trial counsel’s judgment, tactical decisions, and trial strategy, strongly presuming that he has exercised reasonable professional judgment.
 
 State v. Grant,
 
 41,745 (La.App.2d Cir.4/4/07), 954 So.2d 823,
 
 writ denied,
 
 2007-1193 (La.l2/7/07), 969 So.2d 629.
 

 When claiming ineffective assistance of counsel, the defendant must also show that counsel’s deficient performance prejudiced his defense. It must be shown that the errors were so serious as to deprive the defendant of a fair trial, meaning a trial with a reliable result.
 
 Strickland, supra.
 
 It does not suffice to show that the error had some conceivable effect on the outcome of the proceedings. Rather, the defendant must show that but for counsel’s deficiencies, there is a reasonable probability that the outcome of the trial would have been different.
 
 Id., State v. Pratt,
 
 26,862 (La.App.2d Cir.4/5/95), 653 So.2d 174,
 
 writ denied,
 
 95-1398 (La.11/3/95), 662 So.2d 9.
 

 At issue is whether trial counsel provided ineffective assistance by failing to file a motion to suppress the evidence seized from 4105 Owl Street. The success of the motion to suppress would largely depend on whether the officers were justified in performing the “protective sweep” and perhaps even in initially entering the residence. Though the record contains some relevant testimony regarding this issue, particularly that of the officers involved, neither the defense nor the state had the opportunity to fully address this issue at the trial court level. Thus, in the interest of justice, we [1Rwill not address this issue on appeal because it is one that may be raised in post-conviction relief proceedings which afford the opportunity for a full evidentiary hearing.
 

 CONCLUSION
 

 For the reasons stated, we reverse the defendant’s conviction for illegal possession of a stolen firearm in violation of La. R.S. 14:69.1 and set aside his five year sentence for that offense. Otherwise, the defendant’s conviction for possession of a Schedule I drug with intent to distribute and for possession of a firearm by a convicted felon is affirmed along with the concurrent sentences of 20 years and 15 years, respectively.
 

 REVERSED IN PART and AFFIRMED IN PART.
 

 [1]
 

 . In the trial transcript, Ms. Nave's first name is spelled Tiana. However, her identification card, a copy of which is included in the record, along with a request to drop charges signed by her, indicates the correct spelling of her first name to be Tiaunna.