STEWART, J.,
concurring.
|TI agree with the majority opinion as to the issues concerning the sufficiency of the evidence and the other crimes evidence. However, I disagree with its handling of the ineffective assistance of counsel issue.
The majority opinion addresses and affirms the trial court’s denial of the defendant’s motion for a new trial, which was based on the alleged ineffectiveness of trial counsel, Melissa Sugar. However, it then concludes that the claim regarding Sugar’s conduct during voir dire would be better addressed in a post-conviction relief proceeding. As recognized in the majority opinion, ineffective assistance of counsel claims are best handled in post-conviction relief proceedings, which provide the opportunity for a full evidentiary hearing. State v. Drake, 45,172, p. 13 (La.App.2d Cir.5/19/10), 37 So.3d 582, 590, writ denied, *559 2010-1468 (La.1/14/11), 52 So.3d 899. Sugar was suspended from the practice of law on an interim basis by the Louisiana Supreme Court pursuant to order No. 2010-B-0516, dated June 2, 2010. This occurred a very short time after the defendant’s trial and raises questions about her competency in conducting the trial. If and when the defendant files an application for post-conviction relief, the scope of his ineffective assistance of counsel claim should not be limited to addressing only the conduct of voir dire.
For these reasons, I would pretermit any ruling on the ineffective assistance of counsel claims asserted on appeal and await a full hearing upon the filing of-post-conviction relief.