MAX N. TOBIAS, JR., Judge.
hOn 9 November 2010, the defendant, Karen Hall, was charged by bill of information with one count of possession of a firearm while in possession of a controlled dangerous substance, a violation of La. R.S. 14:95 E, and one count of possession with the intent to distribute cocaine, a violation of La. R.S. 40:967 B(l). The defendant pled not guilty to both counts at her arraignment on 1 December 2010. On 16 March 2011, Ms. Hall filed a motion to quash based upon double jeopardy. After a hearing on 31 May 2011, the trial court granted the motion to quash and dismissed the charge of possession of a firearm while in possession of a controlled dangerous substance. This timely appeal by the state followed.
No testimony was taken at the hearing on the motion to quash. But from the record and oral argument before the trial court, it appears that Ms. Hall was one of four people arrested during the execution of a search warrant at a residence on Chef Menteur Highway in New Orleans. During the search, cocaine and weapons were found in the residence. Ms. Hall was one of four people found in the house and charged with possession of the weapons and narcotics. Oral argument at the hearing indicated that a controlled buy occurred prior to the search of the residence.
lain its sole assignment of error, the state contends that the trial court erred when it granted the defendant’s motion to quash. It argues that the prosecution of both counts does not expose the defendant to double jeopardy. Both the defendant and the state agree that the prosecution for two felonies per se does not constitute double jeopardy under the Blockburger[1] test. However, Ms. Hall maintains that the state’s “same evidence” test is broader, and under the “same evidence” test, prosecution for both offenses constitutes double jeopardy.
*223 In Benton v. Maryland, 395 U.S. 784, 787, 89 S.Ct. 2056, 28 L.Ed.2d 707 (1969), the Court held that the Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. That guarantee has been said to consist of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. Both the Louisiana and United States Constitutions prohibit placing a person twice in jeopardy of life or limb for the same offense. United States Const., Amend. 5; La. Const, art. I, § 15.
La.C.Cr.P. art. 596 states:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Separate statutory crimes need not be identical in constituent elements or in actual proof to be the same within the meaning of the constitutional prohibition. Brown v. Ohio, 432 U.S. 161, 164, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); State v. Doughty, 379 So.2d 1088 (La.1980). The test enunciated by the United States Supreme Court for determining whether two offenses are the same for double jeopardy purposes is whether each statute requires proof of an additional element which the other does not. Blockburger, supra, n. 1.
Courts have held that while the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the clause does not prohibit the state from prosecuting a defendant for both a greater or lesser included offense in a single prosecution, even though the court may not enter separate convictions or impose cumulative punishments for both offenses unless the legislature has authorized such punishment. Ohio v. Johnson, 467 U.S. 493, 500, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); State v. Addison, 94-1423 (La.App. 4 Cir. 11/13/96), 684 So.2d 477, 480 (holding that double jeopardy applies when one is tried twice for the same offense, not when two offenses are tried together).
Louisiana has adopted the “same evidence” test, which provides broader protection against double jeopardy. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); see also State v. Didier, 262 La. 364, 263 So.2d 322 (1972). If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. See Doughty, 379 So.2d at 1091. The “same evidence test” is somewhat broader in concept than Blockburger, the central theme being that one should not be punished (or put in jeopardy) twice for the same course of conduct. State v. Steele, 387 So.2d 1175, 1177 (La.1980).
|4In State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, the defendant was charged with possession of marijuana and cocaine and possession of a weapon while in possession of controlled dangerous substance. He pled guilty to possession of marijuana and subsequently filed a motion to quash the weapon charge. The Court *224 determined that the evidence of the defendant’s alleged possession of cocaine, for which he had not been convicted, provided a proper basis to support his prosecution under the weapon charge. The evidence of the defendant’s possession of marijuana was not required in order to convict him of the weapon offense, because other evidence existed sufficient to support the charge.
In the present case, no testimony has been taken concerning the evidence upon which the state relies to support its argument that the two offenses do not constitute double jeopardy. The argument made by the state indicates that several bags of cocaine were found in the residence, and some of the cocaine was intended to provide evidence for the possession with intent to distribute charge, while the rest of the cocaine was meant to provide evidence in support of the offense of possession of a firearm while in possession of a controlled dangerous substance charge. The state also suggests that the cocaine found on the defendant after the controlled buy was meant to be used for the possession with intent to distribute cocaine charge.
The evidence in the record on appeal (none to be precise) is insufficient to determine whether Ms. Hall would be placed in double jeopardy if the state proceeded to prosecution of both offenses. An eviden-tiary hearing is required to determine whether the evidence the state intends to produce is sufficient to preclude any double jeopardy issues.
| ^Accordingly, we reverse the trial court’s ruling and remand the matter for an evidentiary hearing on the motion to quash.
REVERSED; REMANDED.

. Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).