DANIEL L. DYSART, Judge.
_JjThis appeal concerns the trial court’s grant of defendant, Vernell Powe’s, motion to quash. For the reasons that follow, we find that the trial court erred in granting the motion and accordingly, we reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
There does not appear to be any dispute regarding the underlying facts of this matter. On June 22, 2013, Vernell Powe, was arrested for possession of a stolen firearm. According to the New Orleans Police Department (“NOPD”) Gist Sheet,[1] two patrolling New Orleans Police Officers, Pa-zon and Stamps, observed Mr. Powe with two other men in the parking lot of an apartment complex, all of whom fled on foot when they saw the officers turn into the parking lot. Mr. Powe was holding his waistband while running. Officer Stamps followed Mr. Powe into an apartment where he saw Mr. Powe remove a handgun from his waistband and discard it on a bed. Mr. Powe was arrested after it was determined that the handgun was stolen.
laThe State of Louisiana filed a bill of information in the Orleans Parish Munici *585 pal Court on June 23, 2013, charging Mr. Powe with illegally carrying a weapon, a violation of La. R.S. 14:95. Mr. Powe plead guilty to this charge on July 16, 2013 and was sentenced to ninety days, with 25 days credit for time served and 65 days suspended. Additionally, Mr. Powe was ordered to pay a fine and court costs, together totaling $300.00.
Thereafter, on August 20, 2013, the Orleans Parish District Attorney’s Office filed a bill of information against Mr. Powe, charging him with the illegal possession of a stolen firearm, a violation of La. R.S. 14:69.1. After entering a plea of not guilty, Mr. Powe filed a Motion to Quash on the Basis of Double Jeopardy, in which he contended that the charges to which he pled guilty in the Municipal Court are based on the same transaction or occurrence giving rise to the current charge, and therefore, subject him to double jeopardy. The trial court granted Mr. Powe’s motion to quash after a hearing on October 17, 2013. The State timely appealed that judgment.
DISCUSSION[2]
In its sole assignment of error, the State maintains that the trial court erred in granting the motion to quash because the illegal carrying of a concealed weapon is not the same offense as the possession of a stolen firearm for purposes of double jeopardy. We agree.
Both the United States and the Louisiana constitutions provide that no person shall twice be put in jeopardy of life or liberty for the same offense. U.S. Const. Amend. V; La. Const, art. I, § 15. Under the Louisiana Code of Criminal IsProcedure, double jeopardy will exist in a second trial only when the charge in that trial is
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in- the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
La.C.Cr.P. art. 586.
The United States Supreme Court set forth the standard to be used in determining whether two offenses are the same for double jeopardy purposes in Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under the Bloclcburger test, as explained by the Louisiana Supreme Court in State v. Knowles, 392 So.2d 651, 654 (La.1980):
The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
Our case law reflects that Louisiana also applies the “same evidence” test, which provides broader protection than Bloclcburger,[3] to determine whether double jeopardy bars a prosecution. Under that test, “[i]f the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one.” State v. Hall, 11-0931, p. 3 (La.App. 4 Cir. 2/15/12), 85 So.3d 221, 223.
*586 |4In the instant matter, Mr. Powe was charged with and pleaded guilty to the illegal carrying of a firearm, which is defined, in part, as “[t]he intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one’s person.” La. R.S. 14:95 A(l). The three “elements of illegal carrying of a weapon are: (1) intentional concealment; (2) of a firearm; (3) on one’s person.” State v. Maxwell, 11-0564, p. 27 (La.App. 4 Cir. 12/21/11), 83 So.3d 113,130.
Illegal possession of a stolen firearm, on the other hand, is defined as is “the intentional possessing, procuring, receiving, or concealing of a firearm which has been the subject of any robbery or theft under circumstances which indicate that the offender knew or should have known that the firearm was the subject of a robbery or theft.” La. R.S. 14:69.1 A. To obtain a conviction under this statute, the State would have to prove “that the defendant intentionally possessed the firearm, that it was the subject of a robbery or theft, and that the defendant knew or should have known that the firearm was the subject of a robbery or theft.” State v. Drake, 45,172, p. 11 (La.App. 2 Cir. 5/19/10), 37 So.3d 582, 589-90, citing State v. Johnson, 2009-862 (La.App. 3 Cir. 2/3/10), 28 So.3d 1263.
The elements of the illegal possession of a stolen firearm charge and the illegal carrying of a firearm charge are different, each requiring proof of elements not required for the other. We disagree with Mr. Powe’s contention that in order to prove illegal possession of a stolen firearm, “the State must necessarily rely on the evidence that Mr. Powe had a handgun in his waistband, which is exactly the same evidence to provide that he illegally possess[ed] that handgun.” The charge of illegal possession of a stolen firearm requires more than a showing that he merely possessed the handgun. It requires a further showing that the handgun had | -been the subject of a robbery, of which Mr. Powe had knowledge. Similarly, the crime of illegal carrying of a weapon requires a showing that Mr. Powe concealed a weapon on his person, an element not required for a conviction for illegal possession of a stolen firearm. Because there is an additional element to each offense, double jeopardy is not at issue under either the Bloelcburger or the “same evidence” tests; clearly, the evidence necessary to prove the offense of illegally carrying a weapon would not have been sufficient to convict Mr. Powe of illegally possessing a stolen firearm. We find, therefore that the trial court erred in granting the motion to quash.
CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting Mr. Powe’s motion to quash, is reversed. This matter is hereby remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. While the Gist Sheet was not offered into evidence at the hearing on the motion to quash, a copy of it is located in the record. Counsel for Mr. Powe briefly referred to the facts which led to Mr. Powe’s arrest and; while a recitation of these facts are not essential to the issue in this appeal, we note the underlying facts for historical purposes.

. As in all criminal matters in this Court, we have reviewed the record for errors patent and found none.

. See, State v. Hall, 11-0931, p. 3 (La.App. 4 Cir. 2/15/12), 85 So.3d 221, 223.