# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**19-468**

**STATE OF LOUISIANA**

**VERSUS**

**DONALD P. LEMOINE**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 208108-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Jonathan W. Perry, Judges.

Cooks, J., Dissents and assigns written reasons.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

**Charles A. Riddle, III**
**District Attorney**
**Derek Paul Manuel**
**Assistant District Attorney**
**Twelfth Judicial District**
**417 N. Main Street**
**Marksville, LA 71351**
**(318) 253-6587**
**COUNSEL FOR APPELLANT:**
**State of Louisiana**

**Derrick M. Whittington**
**Whittington Law Firm**
**339 Moreau St., Suite A**
**P. O. Box 82389**
**Marksville, LA 71351**
**(318) 253-5852**
**COUNSEL FOR APPELLEE:**
     **Donald P. Lemoine**

**Pickett, J.**

The state appeals the trial court's grant of the defendant's motion to quash its indictment for illegal possession of a stolen firearm pursuant to La.R.S. 14:69.1. In 2015, the defendant had been charged with illegal possession of stolen things. After a bench trial, he was acquitted. He argues that the indictment at issue herein constitutes double jeopardy of the prior indictment for illegal possession of stolen things. For the reasons discussed below, we reverse.

## FACTS

On July 19, 2018, an Avoyelles Parish grand jury indicted Donald P. Lemoine for illegal possession of a stolen firearm, a violation of La.R.S. 14:69.1. In September 2018, the defendant filed a motion to quash the indictment, alleging factual vagueness and double jeopardy. He argued that based on evidence produced at trial on the 2015 indictment for illegal possession of stolen things, a violation of La.R.S. 14:69, the 2018 indictment violates federal and state constitutional protections against double jeopardy. The 2015 indictment specifically charged that the defendant "did take three gun safes with contents . . . under circumstances which indicate he knew or had good reason to believe that the gun safes and contents had been the subject of the theft." During trial on the 2015 indictment, the defendant moved for directed verdict on the charge of illegal possession of stolen things, which the trial court granted.

On January 22, 2019, the trial court held a hearing on the defendant's motion to quash. Thereafter, the trial court issued a written ruling quashing the indictment due to double jeopardy. The state filed a motion for reconsideration, which the trial court denied after a hearing. The state appealed.

## ASSIGNMENTS OF ERROR

The state assigns three closely-related legal errors for review:

1. The trial court incorrectly chose the "same evidence" test to determine whether this case subjects the defendant-appellee to double jeopardy.

2. The trial court performed no analysis under either the *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932) "distinct fact" test or the improperly cited "same evidence" test, instead concluding that double jeopardy exists in this case because the two crimes at issue share one common element.

3. The trial court incorrectly considered an exhibit admitted in the trial of [the 2015 indictment] in its double jeopardy inquiry, rather than considering only the evidence that would have been required to convict the defendant of the charge in that case.

## DISCUSSION

Both the Fifth Amendment to the United States Constitution and Article 1, Section 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. *See also* La.Code Crim.P. art. 591 (which provides: "[n]o person shall be twice put in jeopardy of life or liberty for the same offense[.]"). The requirements for double jeopardy are set forth in La.Code Crim.P. art. 596, which provides:

> Double jeopardy exists in a second trial only when the charge in that trial is:
>
> (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
>
> (2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.

*State v. Green*, 96-256, p. 5 (La.App. 1 Cir. 12/10/96), 687 So.2d 109, 113, noted that Louisiana courts had not addressed the burden of proof to be applied when considering a motion to quash based on double jeopardy grounds, then

2

adopted the following approach taken by the Fifth Circuit Court of Appeals and other federal courts:

> [T]he defendant bears the initial burden of establishing a prima facie claim of double jeopardy; if he does so, the burden shifts to the government to demonstrate by a preponderance of the evidence that the indictment charges a crime separate from that for which the defendant previously was placed in jeopardy. *United States v. Schinnell*, 80 F.3d 1064, 1066 (5th Cir.1996); *United States v. Deshaw*, 974 F.2d 667, 670 (5th Cir.1992).

### Double Jeopardy Analysis

In its first assignment of error, the state asserts that the trial court applied the wrong standard when ruling on the defendant's double jeopardy claim. It argues that the trial court erroneously applied the "same evidence test," set forth in *State v. Vaughn*, 431 So.2d 763 (La.1983), contrary to the supreme court's holding in *State v. Frank*, 16-1160 (La. 10/18/17), 234 So.3d 27, that the "same evidence test" no longer applies to double jeopardy determinations. *Vaughn* also clarified that the only applicable double jeopardy analysis is the test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1932). The trial court's written reasons for its initial ruling on the motion to quash show that it did improperly apply the "same evidence test," and it is reversed.

In *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182, the Supreme Court held:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489 [(1911)], and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth*, 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Compare *Albrecht v. United States*, 273 U. S. 1, 11, 12, 47 S.Ct. 250, 71 L.Ed. 505

3

[(1927)], and cases there cited. Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed.

The Supreme Court concluded that the defendant Blockburger could be prosecuted for two offenses arising from a single drug transaction: the sale of morphine hydrochloride not in its original stamped package and the sale of morphine hydrochloride without a written purchase order.

To convict a defendant of illegal possession of stolen things, the state must prove that he "intentionally possessed, procured, received or concealed something of value" that "had been the subject of a robbery or theft"; and "that the circumstances indicate [he] knew or had good reason to believe that the thing in question was the subject of robbery or theft." *State v. Daigrepont*, 560 So.2d 959, 960 (La.App. 3 Cir.), *writ denied*, 566 So.2d 396 (La.1990). To convict a defendant of illegal possession of a stolen firearm, the state must prove that he "intentionally possessed the firearm, that it was the subject of a robbery or theft, and that [he] knew or should have known that the firearm" was stolen. *State v. Powe*, 14-137, p. 4 (La. App. 4 Cir. 7/16/14), 145 So.3d 583, 586 (quoting *State v. Drake*, 45,172, p. 11 (La.App. 2 Cir. 5/19/10), 37 So.3d 582, 589-90).

These two crimes both require proof that the defendant intentionally possessed something he knew or should have known was stolen. Illegal possession of a stolen firearm, however, requires proof that the defendant intentionally possessed a stolen firearm. The Supreme Court held in *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2226 (1977) (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294 n. 17, 43 L.Ed.2d 616 (1975)) that the *Blockburger* test is satisfied "If each [crime] requires proof of a fact that the other

4

does not . . . notwithstanding a substantial overlap in the proof offered to establish the crimes."

At the hearing on its motion for reconsideration, the state argued that during the defendant's prior trial, the firearm at issue here had not been determined to be among the contents of any of the three safes alleged to be stolen. This argument is supported by the 2017 trial testimony of the detective who investigated the stolen safes and the trial court's ruling on the admission of a document the state sought to introduce into evidence. Pursuant to the state's Motion for Appeal and Designation of Record, this appeal record includes the transcript of the detective's testimony. The detective testified regarding a list of guns that the victim provided him during his investigation of the illegal possession of stolen property indictment. The detective explained that the list identified guns which the victim reported were in the safes when they were stolen and guns that were not in the stolen safes. He initially testified that asterisks on the list designated which guns were and were not in the safes. Defense counsel objected to the admission of the list into evidence on the basis that it did not specify which guns were in the stolen safes. The detective apparently became confused as to whether the guns designated with asterisks were in the safes when they were stolen or were in the victim's possession when the safes were stolen. As a result of this confusion, the trial court held:

> [T]his testimony does not go toward any proof that these guns were in any safe or where they were. Just other than in the camp . . . . Subject to the objection the document is admitted . . . solely for the purpose of stating that the guns were stolen from the camp. With the exception of the asterisk [sic].

One might argue that the trial court ultimately concluded that the guns with asterisks were in the safes. The trial court, however, clarified its ruling during the hearing on the state's motion for reconsideration, stating that the list had been

admitted into evidence, "but [it was] not introduced for the purpose of being the alleged contents of the safe[s]." The trial court further observed that the state had acquiesced to its ruling which served as an admission that it "couldn't prove the contents" of the safes. The trial court also noted that "if [the gun at issue here] was not [proved] in the first trial as being taken then it's not double jeopardy as to that gun. If it was introduced in my opinion, it's clearly double jeopardy."

Nevertheless, the trial court ultimately concluded at the hearing on the state's motion for reconsideration:

> Because ya'll made a list that this is what my husband owned, and he very well owned these guns or an interest in the 3 guns. . . . I mean the simple fact of the matter is you know you can't prove a theft[,] and you don't have evidence of a theft that could be proven[,] and he's been to trial once on this same issue with a list of guns that admittedly if I said it's just being introduced but not for the purpose of saying it was the contents then that's on me[.] I just should have dismissed the whole case at that point because you're admitting I can't prove contents[,] and the [b]ills said again illegal possession of stolen things by taking a safe, which you couldn't prove, and having possession of a safe and it's [sic] contents which you couldn't prove. You're admitting . . . so why put the list into evidence to begin with. It's trying him for the same thing twice[.]

The trial court's ruling indicates that it ignored its earlier conclusions regarding the gun list then conflated its findings of facts in the earlier trial with the issues presented by the state's motion for reconsideration. Based on the record, there is no direct evidence that the gun at issue herein was identified as being on the list introduced in the first proceeding. Furthermore, even if the gun was on the list, there is no evidence that it was identified as being "contents" of one of the safes that was allegedly stolen from the camp. Analyzing the facts herein under the *Blockburger*, 284 U.S. 299, 52 S.Ct. 180, test, we conclude that the prosecution of the defendant for illegal possession of a stolen firearm does not constitute double jeopardy of his earlier prosecution for illegal possession of stolen things.

## DISPOSITION

The trial court's grant of the defendant's motion to quash is reversed.  The assessment of costs is pretermitted to the conclusion of the prosecution.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

STATE OF LOUISIANA

VERSUS

DONALD P. LEMOINE

**COOKS, J., dissents.**

I respectfully dissent from the majority opinion reversing the trial court's grant of Defendant's Motion to Quash. I believe the trial court correctly found the second charge constituted double jeopardy and the judgment granting the Motion to Quash was appropriate.

This is the second case the State charged that Defendant illegally possessed a firearm allegedly stolen from a camp. In the first case, Defendant was charged with illegal possession of stolen things, specifically three gun safes and their contents (i.e., firearms) from the same camp, on the same date and involving the same incident giving rise to the second charge. In an effort to prove the charge that Defendant possessed the stolen safes and the contents, the State introduced into evidence various items, including a list of guns which were purported to be the contents of the allegedly stolen safes. As the trial court noted in the second case in its' reasons for ruling on the Motion to Quash, that list included a Taurus 17 caliber handgun, with serial number WJ160010. A review of the offense report indicates it is the same firearm Defendant is now alleged to have illegally possessed and which was included in the first charge. At trial on that charge, the State was able to prove that Defendant possessed the safes and its contents, including the Taurus handgun. However, the State was unable to prove that a theft of the safes and their contents

actually occurred. The charge against Defendant was then dismissed following the trial court's grant of a directed verdict of acquittal.

In the present case, Defendant is charged with illegal possession of the **same** Taurus 17 caliber handgun referenced in the first case. The theft alleged in this case is also the same theft alleged in the first case. The State and majority maintain the trial court mischaracterized the use of the gun list from the first trial, and argues it was simply a list. However, the trial court noted it was clear that list of guns introduced into evidence was offered by the State as proof of the contents of the allegedly stolen safes. The trial court reasoned this amounted to double jeopardy, stating as follows:

> Further, and as in the original case, the State obviously has insufficient evidence to prove that a Theft occurred. The offense narrative of the Avoyelles Parish Sheriff's Office in the case at bar indicates that their investigation revealed the Tauras [sic] handgun had been stolen in a camp burglary with numerous other guns, recalling the burglary investigation involving a camp involving Don Lemoine. At Hearing the State could produce no evidence or argument indicating as to when this Taurus 17 caliber handgun was stolen; from where it was stolen; from whom it was stolen; or when it was stolen. When that lack of evidence is added to the fact that the State has already alleged that this gun was the subject of an illegal possession and is once again doing so, Double Jeopardy clearly exists.

Although the trial court did reference the "same evidence test," it is clear to me, when the facts are analyzed pursuant to the *Blockburger* test, the trial court's finding of double jeopardy is correct. The present case is a prosecution of the same course of action alleged in the first case -- the illegal possession of a firearm allegedly stolen from a camp. As Defendant notes, in the first case he was charged with illegal possession of stolen things; i.e., the gun safes and its contents, **which included the Taurus handgun**. In the present case, Defendant was charged with illegal possession of a firearm -- the same Taurus handgun listed in the first case. The alleged theft the State maintained made the possession illegal in the first is the same theft alleged in this case. During the hearing on the Motion to Quash, the State was

afforded opportunities to allege the Taurus handgun did not come from the same alleged theft at the camp that was the basis of the first charge for which Defendant was acquitted. It was unable to do so. The trial court was correct in finding the second charge constituted double jeopardy, and its judgment granting the Motion to Quash should be affirmed.