# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1406

**STATE OF LOUISIANA**

**VERSUS**

**BERRY CEASAR**

************

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13768-08
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE,**

************

**J. DAVID PAINTER
JUDGE**

************

Court composed of, Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

**Beth Fontenot
Louisiana Appellate Project
P.O. Box 3183
Lake Charles, LA 70602
Counsel for Defendant-Appellant:**
    Berry Ceasar

**Jonathan Blake
Assistant District Attorney
1020 Ryan St.
Lake Charles, LA 70601
Counsel for Appellee:**
    State of Louisiana

**PAINTER, Judge**

Defendant, Berry Ceasar, appeals his conviction for possession of a firearm by a convicted felon. For the following reasons, we affirm and remand with instructions.

## FACTS

Defendant, who has three prior felony convictions, pawned a shotgun at Lake City Pawn Shop. He was charged by bill of information with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. He was tried by a jury on January 12, 2011. The jury returned a guilty verdict. On April 27, 2011, Defendant was sentenced to ten years at hard labor, to be served concurrently with whatever sentence he was serving at the time. Defendant appeals.

## DISCUSSION

Sufficiency of the Evidence

Defendant contends that the State failed to prove beyond a reasonable doubt that he was the one who pawned the firearm and that he had the requisite general intent to possess the firearm.

The analysis for a claim of insufficient evidence is well-settled:

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

1

*State v. Kennerson,* 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371 (citations omitted).

The elements of the charge, possession of a firearm by a convicted felon, are set out in La.R.S. 14:95.1(A) (footnote omitted), as follows:

> It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.

Defendant does not dispute that he has prior felony convictions or that the ten-year cleansing period required by the provisions of La.R.S. 14:95.1(C) has not run.

Evidence presented at trial showed that following a conviction for armed robbery in October 1981, Defendant was adjudicated a habitual offender and sentenced to seventy-five years imprisonment. Defendant was paroled in December 2001.

On October 11, 2004, Kevin Kirkum, a sergeant-detective with the Lake Charles Police Department, was advised that Defendant pawned a New Haven .410 bolt action shotgun at Lake City Pawn Shop, in Lake Charles, LA. Sergeant Kirkum explained that at the time, he was involved with an alcohol, tobacco, and firearms task force project which reviewed pawned guns. After ascertaining that Defendant had prior felony convictions, he

contacted the pawn shop and seized the shotgun. Testing proved the shotgun to be operational.

Angela Bellard, an employee of Lake City Pawn Shop, testified that she received the shotgun on October 11, 2004. She stated that when a gun is received for pawn, the person pawning the weapon must show either a driver's license or a state identification card. The identification is recorded on the receipt along with the person's address. Defendant's driver's license number, address, and signature were on the receipt. A copy of the receipt was submitted as evidence at trial. In both a photographic lineup and at trial, Ms. Bellard identified Defendant as the man who brought the shotgun to the pawn shop.

Defendant argues in brief that Ms. Bellard could not testify for certain that the shotgun belonged to Defendant, nor could she absolutely state that it was Defendant who pawned the shotgun since it had been so many years since the transaction. When asked if anyone was with Defendant when the transaction took place, Ms. Bellard could not remember

Defendant also argues that Ms. Bellard, the only eyewitness, could not testify as to whether Defendant possessed the requisite general intent to possess a firearm. Finally, Defendant argues that nowhere in his conditions for parole was it stated that he could not possess a firearm.

On redirect examination, Ms. Bellard testified that it was Defendant who came into the shop with the shotgun in his possession. When asked if it was possible that someone else could have come in the store with Defendant and "that you could have gotten the weapon from another person, and he [Defendant] was the party that gave his ID?" the witness explained that

3

whoever pawns a gun has to put up their own ID for it and that signing the receipt is an acknowledgment of ownership of the gun.

The State argues that even if there was another person involved in the transaction, under Defendant's proposed scenario, the weapon was constructively possessed by him. The State points out that two of the elements necessary to sustain a conviction under La.R.S. 14:95.1 are possession of a firearm and the general intent to commit the crime.

> Actual possession of a firearm is not necessary to satisfy the possession element of the statute; it is sufficient that the subject had constructive possession. A person is in constructive possession of a thing if it is subject to his dominion and control. A person's dominion over a weapon constitutes constructive possession even if it is only temporary in nature and even if control is shared. The jurisprudence additionally requires proof that the offender was aware that a firearm was in his presence, and that he had the general criminal intent to possess the weapon.

*State v. Lee,* 02-704, p. 5 (La.App. 5 Cir. 12/30/02), 836 So.2d 589, 593, *writ denied,* 03-535 (La. 10/17/03), 855 So.2d 755 (footnotes omitted).

As for the element of general intent to possess the weapon, intent is a fact question which "may be inferred from the circumstances of a transaction." *State v. Johnson*, 09-862, p. 3 (La.App. 3 Cir. 2/3/10), 28 So.3d 1263, 1267. Whether there was a person accompanying Defendant when he signed the pawn ticket is of no importance to the fact that he represented himself as the shotgun's owner. This in itself is general intent to possess a firearm.

Finally, Defendant's argument that he was unaware of the prohibition from possessing a firearm because it was not listed as a condition of his parole has no merit. It is a crime for a convicted felon to possess a firearm. Ignorance of the law in this case is no excuse.

4

Therefore, we find that the evidence presented by the State was sufficient to allow the jury to find Defendant guilty of the charge of possession of a firearm by a convicted felon beyond a reasonable doubt.

Post-Conviction Relief

Defendant argues that the trial court erred by failing to inform him of the prescriptive period for filing post-conviction relief.

A review of the record indicates that Defendant is correct. Louisiana Code of Criminal Procedure Article 930.8 requires the trial court to advise a defendant that he has two years from the date the conviction and sentence become final in which to file an application for post-conviction relief. The remedy for failure to do so to direct the trial court to inform Defendant of the provisions of Article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant has received the notice. *See State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

Jury Request

Defendant has reserved the right to file an assignment of error regarding the trial court's response to the jury's request for the definition of "possession" once he received the pertinent transcript. However, appellate counsel indicates that she will not argue this assertion. Accordingly, the error is abandoned.

**CONCLUSION**

Defendant's conviction for possession of a firearm by a convicted felon is affirmed. Additionally, the trial court is instructed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending

5

appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant has received the notice.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**